United States District Court
Southern District of Texas
**ENTERED**
March 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Veronica Garcia, et al., | § § § | |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-20-3935 |
| City of Oyster Creek, Texas, et al., | § § § | |
| Defendants. | § | |

## Opinion on Dismissal

1. *Background.*

On April 25, 2019, Veronica Garcia was drinking in a bar, and she talked to the City of Oyster Creek's Chief of Police Tim Bradberry while there. Garcia left the bar to drive home and Bradberry followed her. In his patrol car in the parking lot of her apartment, Bradberry allegedly sexually assaulted Garcia. The encounter ended when they realized that another person was filming them.

The next day, Bradberry returned to Garcia's home allegedly to intimidate her into telling investigators his version of the story.

On October 14, 2020, Veronica Garcia and Julian Garcia, her husband, sued the City under 42 U.S.C. § 1983 and for loss of consortium. The City has moved to dismiss under federal rule 12(b)(6).

2. *Standing.*

Section 1983 is a personal action where the right to prosecute rests in the person whose rights were violated.[1] Julian Garcia pleaded no facts alleging that his constitutional rights were violated – just those of his wife. Because he does not allege a violation of his constitutional rights, his claims against the City fail.

---

[1] *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986).

3. *Section 1983.*

To state a *Monell* claim, Veronica Garcia must have pleaded facts that plausibly show: (a) an unconstitutional City policy existed, (b) that a City policymaker knowingly created or tolerated the unconstitutional policy, and (c) that the City's policy was the moving force that directly caused Garcia's rights to be violated.[2]

Garcia says that the City delegated policy-making power to the Chief of Police for law enforcement policy, so Bradberry was the City's policymaker for law enforcement policy. She alleges the City's policy was Bradberry following her home and allegedly assaulting her while he was in police uniform. She also says it was City policy when Bradberry showed up at her home unannounced in uniform to intimidate and coerce her to tell his story. Garcia argues it caused her rights to be violated.

Garcia has not pleaded a single fact identifying a specific City policy – just pleaded facts to allege a sexual assault. Allegedly wrongful acts by Bradberry are not a City policy as Garcia suggests. Just because a chief of police acts while in uniform does not mean it is a policy. Holding otherwise would make the most innocuous of acts the City's policy, and the court will not expand *Monell*. If the chief of police were to toss a piece of trash on the ground while in uniform, this would not mean that the City has a policy of its employees littering.

Garcia merely alleges that Bradberry is the City's policymaker. She uses a Court of Appeals case to argue police chiefs are policymakers, but the facts of that case assume the police chief had final policy-making authority.[3] Determining city policyomaking authority is fact specific to the particular case and city. Garcia confuses legal conclusions with facts. The facts support the opposite – that Bradberry is not the City's policymaker. City ordinances vest this authority to

---

[2] *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978).

[3] *See Garza v. City of Donna*, 933 F.3d 626 (5th Cir. 2019).

the municipal administrator, not the chief of police.[4]

Because Veronica Garcia has not plausibly alleged facts of a City policy or that Bradberry was a policymaker, her claims fail.

4. *Conclusion.*

Veronica Garcia and Julian Garcia's claims against the City of Oyster Creek will be dismissed.

Signed on March 1st, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] City of Oyster Creek Code of Ordinances § 2-19.